IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
AT ROME

| | | |
|---|---|---|
| JAMES CREEK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. |
| vs. | ) | |
| | ) | |
| THE LINCOLN NATIONAL LIFE | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT FOR RECOVERY OF PLAN BENEFITS AND FOR ENFORCEMENT OF RIGHTS UNDER ERISA

NOW INTO COURT, through undersigned counsel, comes Plaintiff, James Creek, who brings this cause of action to obtain relief from Defendant's refusal to pay Long Term Disability benefits due under an employee benefits plan and for Defendant's other violations of the Employee Retirement Security Act of 1974 ("ERISA"), respectfully represents as follows:

**1.**

The Court's jurisdiction is invoked pursuant to 28 U.S.C. 1337 and 29 U.S.C. 1132(e) (ERISA 502(e)).  Plaintiff's claims relate to an employee welfare

benefits plan as defined by ERISA, 29 U.S.C. 1001 et seq. and the subject Disability Benefit Plan constitutes a "plan under ERISA."

**2.**

The ERISA statute at 29 U.S.C. 1133, as well as Department of Labor regulations at 29 CFR 2560.503-1, provides a mechanism for administrative or internal appeal of benefits denials.  In this case, those avenues of appeal have been exhausted and this matter is now properly before this Court for judicial review.

**3.**

Venue is proper pursuant to 29 U.S.C. 1132(e)(2).

**4.**

Plaintiff resides at 132 Brownwood Circle, Ringgold, Catoosa County, Georgia.

**5.**

Defendant, The Lincoln National Life Insurance Company (hereinafter "Lincoln"), is an insurance company based in Fort Wayne, Indiana, authorized to transact the business of insurance in this state, and may be served with process through: Corporation Service Company, 40 Technology Parkway South, Suite 300, Norcross, Georgia 30092.

**6.**

Defendant Lincoln is the party obligated to pay benefits and to determine eligibility for benefits under group long term disability insurance policy 000010107876, issued by Lincoln to "XNTH", and later changed to "Exp U.S. Services Inc."

**7.**

At all material times, James Creek was employed by XNTH and/or Exp U.S. Services Inc.

**8.**

By virtue of his employment, Plaintiff was covered by group long term disability policy 000010107876, issued by Lincoln, referenced above.

**9.**

The provision of group long term disability insurance coverage to employees of "XNTH" and/or "Exp U.S. Services Inc." constitutes an ERISA welfare benefits plan.

**10.**

Plaintiff is a participant or beneficiary of the Plan.

**11.**

Plaintiff ceased work due to disability on or about December 19, 2009, while covered under the Plan

**12.**

Plaintiff has been and continues to be disabled as defined by the provisions of the Plan and relevant policy.

**13.**

Plaintiff timely filed an application for benefits under the Plan.

**14.**

Lincoln approved Plaintiff's application for long term disability (LTD) benefits by letter dated April 27, 2010.

**15.**

Lincoln paid long term disability benefits to the Plaintiff from March 20, 2010 through August 20, 2012.

**16.**

On or about September 6, 2012, Lincoln notified Plaintiff that he would no longer receive LTD benefits.

**17.**

Plaintiff appealed the denial in October of 2012; however, the decision to deny benefits was upheld by Lincoln on November 26, 2012.

**18.**

On February 7, 2013, Plaintiff administratively appealed the denial by Lincoln, as required by the Policy.

**19.**

On March 22, 2013, Lincoln advised Plaintiff in writing that an additional 45 days would be required to render a decision on Plaintiff's appeal: "You can expect to receive a decision from us by 5/8/2013 or as soon as possible."

**20.**

On April 16, 2013, Plaintiff was found "disabled" by the Social Security Administration.

**21.**

By letter dated May 8, 2013, Lincoln notified Plaintiff that due to receipt of additional information, an extra 30 days would be needed to decide his claim.

**22.**

On May 9, 2013, Lincoln sent a letter to Plaintiff requesting reimbursement of benefits due to Plaintiff's receipt of Social Security disability benefits.

**23.**

On June 11, 2013, Lincoln upheld the denial of Plaintiff's LTD claim.  The letter of June 11, 2013, stated Plaintiff had exhausted all rights of appeal and could pursue litigation.

**24.**

Under the terms of the Plan, Defendant agreed to provide Plaintiff with long term disability benefits in the event the Plaintiff became disabled as defined by the Plan.

**25.**

Plaintiff is disabled and entitled to benefits under the terms of the Plan.

**26.**

Defendant failed to provide benefits due under the terms of the Plan, and this denial of benefits constitutes a breach of the Plan.

**27.**

The decision to deny benefits was wrong and unreasonable under the terms of the Plan.

**28.**

The decision to deny benefits and the decision-making process was arbitrary and capricious.

**29.**

The decision to deny benefits was not supported by substantial evidence in the record.

**30.**

The Defendant, who made the decision to deny benefits, was also responsible to pay any benefits due out of their own funds, thereby creating a conflict of interest.

**31.**

The Defendant failed to render the benefit determination in accordance with the regulatory requirements.  Therefore, *de novo* review is appropriate.

**32.**

As a direct and proximate result of the aforementioned conduct of the Defendant in failing to provide benefits for Plaintiff's disability, Plaintiff has been damaged in the amount equal to the amount of benefits to which he would have been entitled to under the Plan.

**33.**

As a direct and proximate result of the aforementioned conduct of the Defendant in failing to provide benefits for Plaintiff's disability, Plaintiff has

suffered, and will continue to suffer in the future, damages under the Plan, plus interest and other damages, for a total amount to be determined.

WHEREFORE, Plaintiff requests that this Court grant him the following relief:

(i)     A finding in favor of Plaintiff against defendant;

(ii)    Damages in the amount equal to the disability income benefits to which he was entitled through the date of judgment, for unpaid benefits pursuant to 29 USC 1132(a)(1)(B);

(iii)   Prejudgment and post judgment interest;

(iv)    An Order requiring the Plan, the Plan Administrator, or appropriate Plan fiduciary to pay continuing benefits in the future so long as Plaintiff remains disabled under the terms of the Plan;

(v)     An Order requiring the Plan, Plan Administrator, or appropriate Plan fiduciary to provide Plaintiff with any other employee benefits to which he may be entitled due to a finding of disability for so long as the Plaintiff remains disabled under the terms of the Plan;

(vi)    Plaintiff's reasonable attorney fees and costs; and,

(vii)   Such other relief as this Court deems just and proper.

Dated this 7th day of January, 2014.

THE HAMILTON FIRM


s/ Patrick A. Cruise
PATRICK A. CRUISE, GA. Bar # 071547
*Attorney for Plaintiff*
2401 Broad Street, Suite 102
Chattanooga, TN 37408
Phone: 423.634.0871
Fax: 423.634.0874
pac@thehamiltonfirm.com